UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ,<br>          Plaintiff,<br>     v.<br>W. L. MUNIZ,<br>          Defendant. | Case No. 16-cv-04508-MEJ<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 2 |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison and proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket No. 1. He has paid the filing fee. Docket No. 5.

## BACKGROUND

On November 19, 2014, Petitioner was issued a Rules Violation Report ("RVR") charging him with possession of a cellular phone. Docket No. 1 at 19. A disciplinary hearing was held regarding this RVR, and Petitioner was found guilty and assessed 90 days loss of credit. Id. at 19–20. Petitioner alleges due process violations with respect to this disciplinary proceeding. Specifically, Plaintiff claims that the guilty finding violated his right to due process because he was not allowed to present evidence in his defense, and because Senior Hearing Officer J. A. Baker used and considered evidence that was both illegally obtained and improperly omitted from his RVR Report. Docket No. 1 at 5.

## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or

1  to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547
2  U.S. 573, 579 (2006) (internal citation and quotation marks omitted).
3    The Supreme Court has consistently held that any claim by a prisoner attacking the fact or
4  duration of his confinement must be brought under the habeas sections of Title 28 of the United
5  States Code. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S.
6  641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A constitutional claim
7  concerning the application of rules administered by a prison administrator that challenges the
8  duration of a sentence is a cognizable claim pursuant to 28 U.S.C. § 2254. *See*, *e.g.*,
9  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (determining a procedural due process claim
10 concerning loss of time credits resulting from disciplinary procedures and findings). Similarly, a
11 challenge to a disciplinary finding that resulted in assessment of time credits must be brought in
12 habeas if reinstatement of the time credits would "necessarily spell speedier release." *See Skinner*
13 *v. Switzer*, 561 U.S. 521, 525 (2011). However, a prisoner's claim falls outside the "core of
14 habeas corpus" if a successful claim will not necessarily lead to immediate or speedier release
15 from custody. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). If a prisoner's claim
16 falls outside the core of habeas corpus, such a claim must be pursued, if at all, in a civil rights
17 action under 42 U.S.C. § 1983. *Id.* at 931. Accordingly, habeas is not the proper remedy to
18 challenge a disciplinary finding where reversal of the finding would not necessarily lead to a
19 speedier release. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 852, 858 (9th Cir. 2003) (habeas
20 jurisdiction is lacking where successful challenge to disciplinary hearing or administrative
21 sanction will not necessarily shorten the overall length of confinement).
22   In the instant petition, it is unclear whether the relief sought by Petitioner — expungement
23 of the guilty finding and a restoration of the 90 days of lost behavior credits — would necessarily
24 shorten the overall length of Petitioner's confinement.[1] Accordingly, the Court DISMISSES

---

[1] In this motion requesting appointment of counsel (Docket No. 2), Petitioner alleges that if his habeas petition is successful, it will remove "150 days plus from [his] Earliest Possible Release Date . . ." Docket No. 2 at 2. Petitioner should include all allegations supporting his claims for habeas relief in his amended petition. The Court will not construe claims by linking together allegations set forth in different pleadings.

United States District Court
Northern District of California

Petitioner's petition with leave to amend to address this deficiency, if he can truthfully do so.[2] If success on Petitioner's claim would not necessarily shorten the overall length of Petitioner's confinement, Petitioner may, if appropriate, pursue this claim in a civil rights action under 42 U.S.C. § 1983.

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner has filed a motion requesting appointment of counsel. Docket No. 2. Petitioner argues that he is entitled to counsel for the following reasons: Clark v. California guarantees him legal counsel; the issues are complex; he has little formal education; he suffers from high anxiety; he lacks the ability to focus, research, or comprehend research; and he takes psychotropic medications which cloud his mental capacity. *Id.* at 2. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The Court concludes that appointment of counsel is not necessary at this time. The Court has dismissed the petition with leave to amend and it is unclear if Petitioner will choose to file an amended petition. Petitioner's motion for appointment of counsel is therefore DENIED without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment. Docket No. 2.

**CONCLUSION**

For the foregoing reasons, the motion for appointment of counsel (Docket No. 2) is DENIED and the petition is DISMISSED with leave to amend. Petitioner shall file an amended petition within **thirty (30) days** from the date this order is filed. The amended petition must

---

[2] The Court notes that Petitioner alleges that he was denied his due process rights in violation of state regulations, the state Constitution, and state caselaw. Docket No. 1 at 15. Petitioner should note that the Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

include the caption and civil case number used in this order (16–04508 MEJ (PR)) and the words AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions, Petitioner must include in his amended petition all the claims he wishes to present. Petitioner may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is directed to send Petitioner a blank habeas petition form along with a copy of this order.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: December 13, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge